**Kong Shu ZHANG, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION ` SERVICE, Respondent.**

No. 02–4375.

United States Court of Appeals, Second Circuit.

March 2, 2005.

52

Sunit K. Joshi, Joshi & Associates, PC, New York, N.Y. (Cyril Murray, on the brief), for Petitioner.

Dorothy Donnelly, Assistant United States Attorney, District of New Jersey, Trenton, NJ (Christopher J. Christie, United States Attorney, District of New Jersey, on the brief), for Respondent.

Present: JACOBS, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the Board of Immigration Appeals be **AFFIRMED** and that the petition for review be **DENIED.**

Kong Shu Zhang, a native and citizen of the People's Republic of China, appeals from an order of the Board of Immigration Appeals ("BIA") dated July 18, 2002, summarily affirming an August 23, 1999 decision of the Immigration Judge ("IJ"). The IJ: (1) denied Zhang's application for asylum and withholding of removal pursuant to the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1158, 1231(b)(3); (2) denied Zhang relief under the United Nations Convention Against Torture ("CAT"); and (3) ordered Zhang's removal from the United States to China. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

In reviewing Zhang's asylum, withholding of removal, and CAT claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, and the IJ's decision is "sufficient to allow for review," we review directly the IJ's decision). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhang v. U.S. INS,* 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)).

The IJ's adverse credibility findings with respect to Zhang's asylum and withholding of removal claims are supported by substantial evidence. *See Zhang,* 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003) *(per curiam ).* Similarly, substantial evidence supports the IJ's determination that Zhang failed to establish

that he would more likely than not be tortured upon his return to China. *See Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Zhang's claims and find them to be without merit. For the reasons set forth above, the judgment of the BIA is hereby **AFFIRMED** and Zhang's petition for review is hereby **DENIED.**